# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CARL ROGER DAVIS, et al., | ) | No. 08-03033-01/03-CR-S-RED |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Pending before the Court is defendant Davis's Motion to Dismiss the Indictment. [Doc. # 48]. The government has responded to the motion. [Doc. # 49].

Defendant moves to dismiss the indictment pursuant to Rule 12(b)(3)(B), Fed. R. Crim. Pro. because he alleges that all charges fail to set forth the facts and law necessary to sufficiently charge a crime and fail to apprise defendant of the acts he committed to complete the crimes.

This indictment, filed April 4, 2008, charges defendant and two co-defendants with one count of conspiracy in violation of 18 U.S.C. § 371; 23 felony counts of violating 26 U.S.C. § 7206(1), Counts 2-17 (Form 941), and Counts 22-28 (Form 1040); and one count (Count 29) of violating 26 U.S.C. § 7212(a). The government notes that defendant Davis is not named in Counts 18 through 21, 27, and 28, and suggests that he does not having standing to dismiss these counts. The Court agrees, and this report and recommendation is only intended to address the counts in which defendant is named.

Defendant initially asserts that the statutes of limitations has run on allegations in Counts 1

through 5, and that this requires dismissal of those counts. It is his contention that the charges in Counts 1-5 are all outside the statute of limitations period and must be dismissed because the statute of limitations for a 26 § 7206(1) charge is six years. He contends that Counts 2-5 allege that crimes occurred in 2001 and January of 2002, and based on the limitations period expiring on April 4, 2002, those counts must be dismissed. He also asserts that Count 1 alleges some acts outside the limitations period because it alleges a violation of 18 U.S.C. § 371, for which the limitations period is five years. Defendant contends that some allegations in Count 1 are not alleged with any specificity, and that any allegations in that count that are outside the statute of limitations should be stricken.

According to the government, Counts 1 and 2 through 5 are not barred by the statute of limitations. Regarding Count 1, the government asserts that under either a five- or six-year statute of limitations, the limitation period for a conspiracy begins to run from the occurrence of the last overt act in furtherance of the conspiracy, citing United States v. Dolan, 120 F.3d 856 (8th Cir. 1997). Because the last overt act occurred in early 2005, the government contends that Count 1 is well within even a five-year statute of limitations. Further, it is contended that Counts 2 through 5 are not barred because the charges are for making a false quarterly tax return for all four quarters of 2001, which are treated as being filed on April 15 of the succeeding calendar year–2002–under 26 U.S.C. § 6513(c)(1). Because the six-year statute of limitations period is applicable, and given that the indictment was filed on April 4, 2008, the government contends that the violations charged in these counts are within the six-year period.

The Court has reviewed the arguments of the parties, and applicable statutory and case law. It is clear that the statute of limitations for a conspiracy to defraud the United States in violation of 18 U.S.C. § 371 is either six years under 26 U.S.C. § 6531(1) (for offenses involving defrauding or

attempting to defraud the government, whether or not by conspiracy), or five years under 18 U.S.C. § 3282(a) (for non-capital offenses). In Dolan, the Eighth Circuit Court of Appeals held that, in a conspiracy charge, the limitations period begins to run from the occurrence of the last overt act committed in furtherance of the conspiracy that is set forth in the indictment. Id. at 864. Because the last overt act in furtherance of the conspiracy charged in Count 1 was alleged to have "continu[ed] through at least on or about January 31, 2005. . ," [Indictment at 3], the Court agrees with the government that defendant's motion to dismiss that count on the grounds that it does not allege crimes that are within the statute of limitations is without merit and should be denied.

Regarding Counts 2 through 5, 26 U.S.C. § 6513(c)(1) provides that, "If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year. . . ." In this case, the charges alleged in these counts are for making a false quarterly tax return for all four quarters of 2001. Pursuant to statute, these returns are treated as being filed on April 15 of 2002. Because the six-year statute of limitations period is applicable, and given that the indictment was filed on April 4, 2008, the Court agrees with the government that the counts are within the six-year period. Therefore, it must be recommended that the motion to dismiss these counts on the basis of a statute of limitations violation be denied.

Defendant also contends that Counts 2-through 28 must be dismissed because they generally use the term "willfully," but fail to show that the Grand Jury actually charged the element of willfulness as that term is defined in a criminal tax case He asserts that the element of "willfulness" was not properly alleged as an element of the offense, was not properly defined in a criminal tax case, and was not properly distinguished from one count to another. It is his position that the term "willfully" is used generally in the indictment, and that this prejudices him from knowing the

charges against him and defending himself. He asserts that in tax cases, "willfully" must mean a specific intent to violate the law. It is his position that the counts should be dismissed because they fail to allege the element of "willful" as it specifically means in tax cases–that the law imposed a duty on defendant; that he knew of this duty; and that he voluntarily and intentionally violated that duty. Cheek v. United States, 498 U.S. 192, 201 (1991). Further, he submits that in criminal tax cases, the defendant must be aware of the specific provision of the tax code he is charged with violating. Bryan v. United States, 524 U.S. 184, 191 (1998).

It is the government's position that the government did not need to set forth the legal definition of "willfully," as used in 26 U.S.C. § 7206(1), in Counts 2 through 28. It is also asserted that the willful element of Counts 2 through 28 does not require the government to allege that defendant was aware of the specific provision of the law he is charged with violating. The government contends that "willfully" under § 7206(1) does not require this.

Turning to defendant's contention regarding Counts 2-28, in reviewing the sufficiency of an indictment, the Court must determine whether the indictment sufficiently sets forth the elements of the offenses alleged, whether it places the defendant on fair notice of the charges against him, and whether it enables the defendant to assert an acquittal or conviction so as to invoke his privilege against double jeopardy for a single offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Morris, 18 F.3d 562 (8th Cir.1994). In determining whether an indictment has sufficiently set forth the elements of the offense charged, it will generally be deemed sufficient "unless no reasonable construction can be said to charge the offense." United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir.1989). Recently, the Eighth Circuit reiterated that an indictment is normally sufficient if its language tracks that of the statute. United States v. Sewell, 513 F.3d 820, 821 (8th Cir.), cert. denied, 128 S.Ct. 2517 (2008). Further, the Eighth Circuit has rejected the

argument that an indictment should be dismissed if it merely alleges willfulness without legally defining it in a federal tax case. United States v. Cavins, 543 F.3d 456, 457-58 (8th Cir. 2008).

In this case, the Court finds that the indictment both alleged the willfulness element and fairly informed defendant of the charges against him by alleging specific acts of filing individual and employer's quarterly tax returns, which he knew not to be true and correct by falsely reporting income and total wages, tips and compensation through various methods. Given that the Eighth Circuit clearly reiterated in Cavins that an indictment need not be dismissed because it generally alleges willfulness, and based on the fact that the indictment sufficiently tracks the statutory language and delineates specific acts that defendant is alleged to have committed, the Court finds defendant's arguments to be without merit. Additionally, his claim that the government must charge or prove that he was aware of the specific law that he is charged with violating is not supported by the law in this circuit. Cavins, 543 F.3d at 458-59. Therefore, it must be recommended that the motion to dismiss Counts 2 through 28, which named defendant, be denied on this basis.

Additionally, it is defendant's contention that Counts 2 through 28 should be dismissed because they fail to allege all elements of a crime under 26 U.S.C. § 7206(1). He submits that the Eighth Circuit has never specifically found what the elements of a crime are under 26 U.S.C. § 7206(1), but that there seems to be a consensus among other circuits regarding the elements. It is his position that Counts 2 through 28 are deficient because there is no allegation that the returns were false as to a material matter, and there is no allegation that any fraud or deceit by defendant was involved. He contends that he cannot therefore sufficiently prepare a defense, and that the counts should therefore be dismissed.

The government submits that Counts 2 through 28 adequately charge an offense under 26 U.S.C. § 7206(1), and that defendant's argument that there must be an allegation that the returns

were false as to a material matter is incorrect.

Having reviewed the applicable provisions of § 7206(1), as well as the counts of the indictment that name defendant, the Court finds that defendant's argument is without merit. While there is not a specific allegation in Counts 2 through 28 that the returns were false, neither is that language in the statute. Rather, the counts track the language in the statute regarding a person who willfully makes a return "which he does not believe to be true and correct as to every material matter. . . ." Thereafter, the counts describe the material matters in the return that defendant knew were not true and correct. The Court is of the opinion that Counts 2 through 28 adequately and straightforwardly charge the offenses under the provisions of § 72061(1), and that the motion to dismiss on this basis should be denied.

Regarding Count 1, defendant raises the same basic arguments about the conspiracy count, including the argument that "willful" should be a required element, and that Count 1 is required to charge a conspiracy to commit an offense against the United States. He asserts that willfulness is an implied element of Count 1.

It is the government's position that "willfully" is not an element of Count 1, and that it is entitled to choose whether to charge a conspiracy to defraud or a conspiracy to commit an offense. It submits that Count 1 charges a conspiracy to defraud the United States under the first clause of 18 U.S.C. § 371, and that "willfully" is not an element of a conspiracy to defraud under that statute.

Case law is well settled in this circuit that "when conduct violates more than one criminal statute, the Government may choose which statute it will apply." United States v. Derezinski, 945 F.2d 1006, 1010 (8th Cir. 1991) (citation omitted). Section 371 prohibits two types of conspiracies: conspiracies to commit a specific offense against the United States and conspiracies to defraud the United States. In this case, the government has charged defendant under the general conspiracy to

defraud clause, which it is entitled to do. It is clear that the willfulness element does not require that the count allege that defendant was aware of the specific provision of the law that he is charged with violating. Cavins, 543 F.3d at 458-59. Rather, "willfulness in this context means that the defendant [knows] of the 'duty purported imposed ' by the tax laws." Id. (internal citation omitted). Therefore, defendant's arguments on this issue are without merit and do not serve as a basis to dismiss Count 1 of the indictment.

Further, defendant asserts that Count 29 fails to allege the elements of a crime necessary to sufficiently apprise defendant of the offense with which he is charged under 26 U.S.C. § 7212(a). He asserts that although "corruptly" is used generally, the count fails to allege any effort to secure an unlawful advantage or benefit. He also contends that the obstruction or impeding element is not properly alleged.

The government responds that the offense is adequately charged because there is no requirement that the indictment include the legal definition of the term "corruptly." It is also submitted that the Count clearly explains how each of the actions alleged were related to the due administration of the IRS laws and the determination, assessment, and collection of defendants' and Bottom Line's federal tax liabilities.

Having reviewed Count 29, the Court agrees with the government. As previously discussed herein, there is no requirement that the indictment include a legal definition of a statutory term. Further, it appears that Count 29 explains how the actions alleged were related to the charge under § 7212(a). It alleges that defendant "did corruptly obstruct and impede and endeavor to obstruct and impede the due administration of the internal revenue laws including the determination, assessment and collection of Defendants' federal income tax liabilities for 2000 through 2005 . . ." [Indictment at 20-21], by, among things, encouraging a bookkeeper to

not comply with an IRS administrative summons, filing a criminal complaint against an IRS employee, filing false federal employee tax returns, and filing lawsuits against IRS employees. Clearly, this count sufficiently sets forth the elements of the offense and puts defendant on notice of the charges against him. Therefore, it must be recommended that the motion to dismiss that count be denied.

Having carefully reviewed the indictment, the Court finds that it sufficiently sets forth the elements of the offenses alleged, that it places defendant on fair notice of the charges against him, and that it otherwise complies with Rule 7(c)(1). Accordingly, the Court finds that it must be recommended that defendant's motion be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Dismiss the Indictment should be denied.

    /s/ James C. England  
JAMES C. ENGLAND, Chief  
United States Magistrate Judge

Date: May 8, 2009